IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORTH BEAUTY LLC, | § | |
| | § | |
| *PLAINTIFF*, | § | |
| v. | § | CASE NO. <u>4:17-cv-00163</u> |
| | § | |
| MICHAEL TODD BEAUTY LP, AND | § | |
| MTTO LLC | § | |
| | § | JURY TRIAL REQUESTED |
| *DEFENDANTS.* | § | |

**<u>MICHAEL TODD BEAUTY LP AND MTTO LLC'S ORIGINAL ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
AGAINST WORTH BEAUTY LLC, AND THIRD-PARTY COMPLAINT</u>**

COMES NOW Michael Todd Beauty LP and MTTO LLC, and files this Original Answer Affirmative Defenses, and Counterclaims against Worth Beauty LLC, and Third-Party Complaint, and shows the Court as follows:

**<u>ORIGINAL ANSWER</u>**

**A.      RESPONSE TO COMPLAINT**

Plaintiff, Worth Beauty LLC ("Worth Beauty" or "Plaintiff") files this Original Complaint against Defendants Michael Todd Beauty LP, formerly known as Michael Todd LP, and MTTO LLC (collectively "Defendants") and would show the Court the following:

**<u>ANSWER:</u>**  No response is required to the initial paragraph of the Original Complaint.

**I. <u>PARTIES</u>**

1.      Plaintiff Worth Beauty is a Virginia limited liability company with its principal place of business at 3101 Richmond Avenue, Suite 200, Houston, Texas 77098. All pleadings may be served on Worth Beauty through its attorney-in-charge, David K. Anderson, Anderson & Cunningham, P.C., Four Houston Center, 1221 Lamar, Suite 1115, Houston, Texas 77010.

1

**ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 1 and therefore deny the same and leave Plaintiff to its proof.

2.      Defendant Michael Todd Beauty LP ("Michael Todd Beauty"), formerly known as Michael Todd LP, is a Delaware limited partnership with its principal place of business at 648 Port St Lucie Blvd., Port St. Lucie, FL 34953. Michael Todd Beauty may be served with process through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

**ANSWER:**  Admitted in Part. Denied in Part. Denied that the principal place of business of Michael Todd Beauty is 648 Port St Lucie Blvd., Port St Lucie, FL 34953. The principal place of business of Michael Todd Beauty is 648 SW Port St Lucie Blvd., Port St Lucie, FL 34953. Except as denied aforesaid, the allegations of paragraph 2 are admitted.

3.      Defendant MTTO LLC ("MTTO") is a Delaware limited liability company with its principal place of business at 648 Port St. Lucie Blvd., Port St. Lucie, FL 34953. As the general partner of Michael Todd Beauty, MTTO is jointly and severally liable for the actions, debts, and obligations of the limited partnership. MTTO may be served with process through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

**ANSWER:**  Admitted in Part. Denied in Part. Denied that the principal place of business of MTTO is 648 Port St Lucie Blvd., Port St Lucie, FL 34953. The principal place of business of MTTO is 648 SW Port St Lucie Blvd., Port St Lucie, FL 34953. The

allegations contained in the second sentence of paragraph 3 are denied. Defendants admit to the allegations contained in the third sentence of paragraph 3.

## II. NATURE OF ACTION, JURISDICTION AND VENUE

4. This is an action for (a) infringement of copyrights under the Copyright Act of the United States, 17 U.S.C. §§ 501 *et seq.*; (b) trade dress infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; (c) common law trade dress infringement; (d) infringement of trademarks under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; (e) common law trademark infringement; (f) common law unfair competition; (g) unjust enrichment; and (h) advertising injury through misappropriation of advertising ideas. The state law claims are substantially related to the claims arising under federal law; and as a result, this Court has ancillary jurisdiction over those claims.

**ANSWER:** Defendants admit that Plaintiff alleges a cause of action for (a) infringement of copyrights under the Copyright Act of the United States, 17 U.S.C. §§ 501 *et seq.*; (b) trade dress infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; (c) common law trade dress infringement; (d) infringement of trademarks under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; (e) common law trademark infringement; (f) common law unfair competition; (g) unjust enrichment; and (h) advertising injury through misappropriation of advertising ideas but deny that Plaintiff is entitled to relief. Defendants deny the allegations contained in the last sentence of paragraph 4.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. This Court has federal question jurisdiction over this case because Worth Beauty has brought claims against Defendants under the United States Copyright Act, 17 U.S.C. §§ 501 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* This court has the power to resolve the

related state law claims under principles of pendent, supplemental and/or ancillary jurisdiction. This Court also has subject matter jurisdiction of this case under § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

**ANSWER:**  Defendants admit the allegations contained in sentences one through three of paragraph 5.  Defendants deny that the amount in controversy exceeds $75,000 but admit the remainder of the last sentence of paragraph 5.

6.     The Court has specific and general personal jurisdiction over Defendants pursuant to the Texas Long Arm Statute for the following reasons: Defendants are present within or have minimum contacts within the State of Texas and the Southern District of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and the Southern District of Texas; Defendants regularly conduct and/or solicit business and engage in other persistent courses of conduct within the State of Texas and within the Southern District of Texas; Defendants have derived substantial revenues from their business activities, including their infringing acts, occurring within the State of Texas and the Southern District of Texas; and Plaintiff's causes of action arise directly from Defendants' activities in the State of Texas and in the Southern District of Texas.

**ANSWER:**  Denied.

7.     More specifically, Defendants directly and/or through authorized intermediaries, ship, distribute, offer for sale, sell, lease, market, and/or advertise infringing products in the State of Texas, and the Southern District of Texas, including but not limited to the marketing, offering for sale, sale, and distribution of Defendants' sonic**BLEND** automated makeup brush. Defendants solicit customers for their line of products in the State of Texas and in the Southern District of Texas through their Michael Todd Beauty websites, national advertising, appearances on

national television, and appearances on national televised shopping networks, including the publication infringing product videos. Defendants sell their line of skin care products, skin care devices, and beauty tools, including the infringing sonic**BLEND** makeup brush, in the State of Texas and the Southern District of Texas through internet websites, including Michael Todd Beauty, Amazon, Bed Bath & Beyond, and HSN, thereby committing conduct in this state that is in violation of both state and federal law. Defendants sell their line of skin care products, skin care devices, and beauty tools and at brick and mortar stores in the State of Texas and the Southern District of Texas, including Ulta Beauty superstores.

**ANSWER:**  Denied.

8.    Defendants have committed infringing acts both inside and outside the State of Texas and the Southern District of Texas that have caused injury to Worth Beauty within this state, and Defendants regularly do or solicit business, engage in other persistent course of conduct, or derive substantial revenue from goods used or consumed in the State of Texas and the Southern District of Texas, or expect or should reasonably expect the infringing acts at issue herein to have consequence in this state.

**ANSWER:**  Denied.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1400(a) and/or 1400(b). Defendants have transacted business in this judicial district, and have directly and indirectly committed and/or induced acts of copyright, trademark, and trade dress infringement in this district. Additionally, Worth Beauty is the owner of the copyrights, trademarks, and trade dress that are the subject of this litigation, and Worth Beauty resides in the Southern District of Texas. Worth Beauty developed the blend**SMART** makeup brush and its associated intellectual property, including copyright protected videos, trademarks, and trade

dress, at least in part in the Southern District of Texas. Worth Beauty commercialized and used the protected intellectual property in the Southern District of Texas.

> **ANSWER:**    Defendants admit the allegations contained in the first sentence of paragraph 9. Defendants deny the allegations contained in the second sentence of paragraph 9.  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations contained in Paragraph 9 and therefore deny the same and leave Plaintiff to its proof.

## III.  FACTUAL BACKGROUND

10.    Worth Beauty develops, markets, and sells cutting-edge beauty tools and products. The company's strategy is to combine technology with innovative design to create beauty products that are easy to use and more effective than conventional tools or methods.  It is a growing company that is expanding its product lines through innovation. Worth Beauty's mission is to achieve for makeup application what other automatic tools have done for skincare and oral care.

> **ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 10 and therefore deny the same and leave Plaintiff to its proof.

11.    The company's flagship product line is a first-of-a-kind Automated Makeup Brush System™ for the application of makeup and other beauty products, which is sold under the trademark blend**SMART**. The blend**SMART** brush was the first automatic motorized makeup brush, and the product represents a breakthrough in the beauty industry. Worth Beauty developed the blend**SMART** brush system, and now manufactures, markets, and sells, the blend**SMART** brush system internationally. Worth Beauty is the owner of all intellectual property rights relating to the blend**SMART** automated makeup brush system.

**ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 11 and therefore deny the same and leave Plaintiff to its proof.

12.     Worth Beauty's blend**SMART** rotating makeup brush system includes an automated ergonomic handle and an interchangeable foundation brush head. The interchangeable brush head spins at 190 RPMs and mimics the motion of professional makeup artists to deliver flawless blending. Worth Beauty currently offers a number of additional blend**SMART** interchangeable brush heads, including a blush brush head, definer brush head, powder brush head, and full coverage and finishing brush head, that allow the customer to easily change out the brush head, while utilizing one handle.

**ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 12 and therefore deny the same and leave Plaintiff to its proof.

13.     In April 2015, the blend**SMART** rotating makeup brush debuted on QVC, a television network, specializing in televised home shopping. The blend**SMART** brush was sold as the Doll No. 10 Beauty blend**SMART** Rotating Makeup Brush System, and it was featured on QVC's domestic channel as well as QVC's international channels in England, Italy, Germany, and France. Initially, the product was exclusively available through QVC for a period of six (6) months as required by QVC policy, and the product was very well received by customers and the beauty industry.

**ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 13 and therefore deny the same and leave Plaintiff to its proof.

14.    Today, the blend**SMART** makeup brush system and the additional brush heads are available online through the company's website.[1] Worth Beauty's blend**SMART** products are also available for sale online through Sephora's website[2] and through websites of domestic and international authorized dealers. The blend**SMART** products may also be purchased at domestic and international brick and mortar prestige boutiques.

> **ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 14 and therefore deny the same and leave Plaintiff to its proof.

15.    On September 17, 2014, Worth Beauty filed an application to register the blend**SMART** trademark with the United States Patent Office ("PTO") for use in connection with cosmetic applicators, namely cosmetic brushes. The blend**SMART** trademark claimed standard characters without claim to any particular font, style, size or color.  Worth Beauty is the owner of U.S. Registration No. 4,842,589, issued on October 27, 2015, in International Class 21. Worth Beauty is currently seeking federal trademark protection for its unique product mark and logo blend**SMART.**

> **ANSWER:**  Defendants admit that Plaintiff is the owner of U.S. Registration No. 4,842,589, issued on October 27, 2015, in International Class 21.  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations of Paragraph 15 and therefore deny the same and leave Plaintiff to its proof.

16.    Since at least 2014, and well before Defendants' infringing acts, Worth Beauty has continuously used the blend**SMART** trademark and product mark and logo to market and sell the blend**SMART** rotating makeup brush system. Worth Beauty has sold the automated makeup brush and interchangeable brush heads under the blend**SMART** trademark and product mark and

logo since the products' inception and introduction. Worth Beauty has acquired ownership by adopting and continuously using the blend**SMART** trademark and product mark and logo in such a way that the public and the industry associates the blend**SMART** mark with Worth Beauty and its automated makeup brush and accessories.

>**ANSWER:** Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 16 and therefore deny the same and leave Plaintiff to its proof.

17.    Worth Beauty has developed several other trademarks that it has continuously used to promote and market its blend**SMART** products, including "A Revolution in Makeup Application™" and "Natural Looking Results with Confidence™." Worth Beauty has acquired ownership of these trademarks by adopting and continuously using these trademarks in such a way that the public and the industry associates theses marks with Worth Beauty's automated makeup brush and accessories.

>**ANSWER:** Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 17 and therefore deny the same and leave Plaintiff to its proof.

18.    Worth Beauty has acquired trademark rights in the inherently distinctive blend**SMART** name, product mark, and logo, including the product's non-functional dimensions, shape, blend**SMART** product name, mark and logo, placement of the blend**SMART** product name, mark and logo on the product's brush handle, and the shape and size of the interchangeable heads. The individual features and elements of the blend**SMART** automated makeup brush; the combination of such features and elements; and the look, appearance, and image of the product, including its packaging, advertising, color schemes, layout, font selection, marks, logos, and

catch phrases, taken as a whole and in combination, identify the brush as originating exclusively with Worth Beauty. This trade dress has developed a secondary meaning and is recognized throughout the industry. The public associates this trade dress with Worth Beauty's blend**SMART** products. Worth Beauty has spent considerable resources to develop the goodwill associated with this product and its associated intellectual property. As a result, it has substantial economic value and the potential to acquire a great deal more economic value.

**ANSWER:** Denied.

19.     As part of its marketing and promotion efforts for the blend**SMART** brush system, Worth Beauty created and published three blend**SMART** product introduction and tutorial videos, including (1) an introductory product video that describes and demonstrates the blend**SMART** brush system;[4] (2) a liquid foundation tutorial that shows consumers how to use the blend**SMART** brush to apply liquid foundation;[5] and (3) a powder foundation tutorial that shows consumers how to use the blend**SMART** brush to apply powder foundation.[6] Worth Beauty is the owner of all copyrights to each of the three videos.

**ANSWER:** Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 19 and therefore deny the same and leave Plaintiff to its proof.

20.     On August 16, 2016, Worth Beauty filed an application to register its copyright for the introductory product video, "BLENDSMART2016" (Service Request No. 1-3913149631), and the application is currently pending. The introductory product video was first published on May 25, 2016.

**ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 20 and therefore deny the same and leave Plaintiff to its proof.

21.    On August 29, 2016, Worth Beauty filed an application to register the copyright for the powder foundation tutorial, "BlendSMART Powder Application" (Service Request No. 1- 3950265111), and the application is currently pending.[8] The powder foundation tutorial video was first published on March 14, 2016.

**ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 21 and therefore deny the same and leave Plaintiff to its proof.

22.    On January 11, 2017, Worth Beauty filed an application to register the copyright for the liquid foundation tutorial, "blendSMART How-To Liquid Foundation (Service Request No. 1-4332903691), and the application is currently pending. The liquid foundation tutorial video was first published on March 14, 2016.

**ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 22 and therefore deny the same and leave Plaintiff to its proof.

23.    In Summer 2016, Worth Beauty became aware that Defendants were selling a confusingly similar automated makeup applicator under the name and trademark sonic**BLEND**. Defendants have been having been causing confusion in the market and trading off the goodwill of the blend**SMART** product. For example, Worth Beauty heard people say that they had seen its products on ABC's "The View" television show, but it was Defendants' automated makeup brush that had been presented on The View, not Worth Beauty's blend**SMART** brush. Customers, potential customers, and others were confused because the brushes were strikingly similar, if not

virtually identical, and the Defendants' marketing and promotional materials are deceptively similar. In that particular presentation, the presenter said that Defendants' brush spins (just like the blend**SMART**), even though the Defendants' brush actually vibrates rather than rotates.

>   **ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 23 and therefore deny the same and leave Plaintiff to its proof.

24.     Defendants manufacture, market, and sell a line of skin care, skin care devices, and beauty tools, and the sonic**BLEND** makeup application brush is among those products. Defendants describe the sonic**BLEND**  as a "sonic applicator makeup brush." The sonic**BLEND** system includes an "ergonomically designed" makeup brush handle and an "interchangeable universal brush head."

>   **ANSWER:**   Admitted in Part. Denied in Part.   Defendants admit the allegations contained in the first and third sentences of paragraph 24. Defendants deny the allegations of the second sentence of Paragraph 24.  On the contrary, Defendants describe the SONICBLEND as the *World's First* Antimicrobial Sonic Makeup Brush with 3d Flaw-Fill Technology.

25.     Defendants sell the sonic**BLEND** makeup brush and replacement universal brush heads through the Michael Todd Beauty websites[9], Bed Bath & Beyond,[10] and Amazon.[11] Defendants recently presented the sonic**BLEND** on HSN, a national network providing televised home shopping. The sonic**BLEND** makeup brush and additional brush heads are now available for purchase on HSN's websites.

>   **ANSWER:** Admitted.

26.     Defendants' logo and trademark for its automated makeup brush, sonic**BLEND**, is confusingly and intentionally similar to Worth Beauty's blend**SMART** logo and trademark for its automated makeup brush. Both logos and trademarks feature two words presented together (blend**SMART** and sonic**BLEND**) with the first word featuring small letters ("blend" and "sonic"), the second word placed in all small capital letters in bold font ("**SMART"** and "**BLEND"**), and both trademarks prominently including the word "blend":

blend**SMART**®



sonic**BLEND**™





**ANSWER:**  Denied.

27.     Worth Beauty discovered that Defendants had published three product videos on the sonic**BLEND** product page of the Michael Todd Beauty website that were virtually identical, to the three blend**SMART** product videos published by Worth Beauty and used to market and promote the blend**SMART** automated makeup brush. The Michael Todd Beauty videos appear to be intentional copies of the Worth Beauty videos. Defendants' use of Worth Beauty's videos is unauthorized.

**ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegation of the first sentence of Paragraph 27 and therefore denies the same and leaves Plaintiff to its proof. The rest of the allegations in paragraph 27 are denied.

28.    For example, Defendants' video, entitled "Discover Sonic**BLEND** by Michael Todd Beauty, World's First Antimicrobial Makeup Brush", appears to be a virtual copy of the blend**SMART** introductory video. As shown below, the script for Defendant's brand video is directly copied from the product video that Worth Beauty created and published to introduce and market its blend**SMART** products:

| blend**SMART** 2016 Video | Discover sonic**BLEND** |
|---|---|
| blendSMART came from answering a simple question.  Shouldn't there be a brush that blends makeup easily and dramatically more effectively than traditional make up brushes and techniques, | It all started with a simply question, can a sonic powered makeup brush more quickly and effectively apply foundation and makeup than other makeup applications. |
| so by taking this simple concept of the blending motion and refining with technology and innovative design, we created blend**SMART**, the first ever automated rotating makeup brush, | by taking this simple concept of blending motion and refining it with technology and innovative design, we've created sonic**BLEND**, the world's first antimicrobial sonic powered makeup brush. |
| It rotates at 190 rpm, that's 3 times per second, which is faster and more consistent than a human being and results speak for themselves. | It moves at sonic speeds of up to 200 times per second, which is much faster and more consistent than manual and rotary makeup brushes.  Also sonic**BLEND** has built in protection. |
| If you are a liquid foundation fan, let blend**SMART** show you a new way to flawlessly blend makeup every time. | Let sonic**BLEND** flawlessly blend your foundation every time.  If you are a liquid foundation fan, just apply a few dots to key points on your face. |
| Simply glide the brush over makeup, buffing into skin with up and down and side to side motions until you've got your | Simply glide the brush over the makeup, lightly blend makeup in long sweeping motions until you get desired coverage. |

| blend**SMART** 2016 Video | Discover sonic**BLEND** |
|---|---|
| desired coverage. | |
| It's nearly effortless.  And you've got a polished airbrush look thanks to the blend**SMART** rotating makeup brush and your foundation. | It is nearly effortless, and you have a polished airbrush look thanks to the sonic**BLEND**, the world's first antimicrobial sonic powered makeup brush |
| blend**SMART** will achieve for makeup application what other automative tools have done for oral care or skin care. | sonic**BLEND** will achieve for makeup application what all other automatic tools have done for oral care or skin care. |
| blend**SMART** is a revolution in makeup application. | sonic**BLEND** is a revolutionary makeup application brush. |

**ANSWER:**  Denied

29.    Defendants copied not only the script for Worth Beauty's product video, but also the complete look and feel of the video, including the video shots, sequencing, product placement, and graphics.

**ANSWER:**  Denied

30.    Defendants also published a video entitled "SonicBlend – How to Apply Liquid Foundation", which is strikingly similar to the blend**SMART** liquid foundation tutorial which Worth Beauty created and published to show consumers how to use the blend**SMART** automated makeup brush with liquid foundation. A side by side comparison shows that the scripts are virtually identical:

| blendSMART® Liquid Foundation Application | sonicBlend – How to Apply Liquid Foundation |
|---|---|
| If you are a liquid foundation fan, let blend**SMART** show you a new way to flawlessly blend your makeup every time. | If you are a liquid foundation fan, let sonic**BLEND** show you a new way to flawlessly blend your makeup every time. |
| Start with your favorite foundation and apply a few dots to key points on your face. | Start with favorite liquid foundation and apply a few dots to key points on your face. |

| blendSMART® Liquid Foundation Application | sonicBlend – How to Apply Liquid Foundation |
|---|---|
| Remember less is more. | Remember less is more. |
| Put your foundation brush head which is included in the starter kit into the handle. | Put your foundation brush head included in the starter kit in the handle. |
| Turn on your brush and start blending makeup into your skin. | Turn on the brush.Start blending makeup into your skin. |
| Simply glide the brush over the makeup, buffing into the skin with side-to-side and up and down motions until you've got your desired coverage. | Simply glide the brush over the makeup, buffing into skin with long strokes and sweeping motions until you achieve desired coverage. |
| It's nearly effortless and you've got a polished air-brushed look thanks to the blend**SMART** rotating brush and your foundation. | sonic**BLEND** uses gentle sonic movements to easily brush on foundation without leaving lines or streaks for natural looking airbrushed results every time.  You get a polished airbrushed look thanks to sonicBlend. |
| Now that's smart . . . . | Now that's how you achieve a flawless finish |
| Hope you enjoyed the blend**SMART** tutorial. | We hope you enjoyed the sonic**BLEND** tutorial. |

**ANSWER:**  Denied.

31.    Defendants' third video, entitled "SonicBlend – How to Apply Powder Foundation", is also virtually identical to the blend**SMART** powder foundation tutorial, which shows consumers how to use the automated makeup brush with powder foundation.   For example, the scripts are compared below:

| blendSMART Powder Foundation Application | SonicBlend – How to Apply Powder Foundation |
|---|---|
| In this tutorial, let's see how to best apply pressed or loose powder makeup using the blend**SMART** rotating makeup brush. | In this tutorial, we will see how easy it is to apply pressed or loose powder makeup using the new sonic**BLEND** sonic powered makeup brush. sonic**BLEND** is the first ever makeup brush that applies makeup at sonic |

16

| blendSMART Powder Foundation Application | SonicBlend – How to Apply Powder Foundation |
|---|---|
| | speeds of up to 200 times per second, and |
| Today we are demonstrating pressed powder but the techniques are the same for loose. | Today we are demonstrating pressed powder but the techniques are the same for loose. |
| So grab your favorite pressed powder foundation. | So grab your favorite pressed powder foundation, |
| Next swap out the foundation brush head which in included in the starter kit for the powder brush head. | And your sonic brush handle and an antimicrobial brush head. Snap the brush head into handle. |
| In the off position, swirl the brush head into the powder, tapping off any excess product. | Swirl the brush head in the powder. |
| For loose powder, you'll want to shake a little powder into the cap of the foundation and swirl the brush head. | For loose powder, you will want to shake a little bit of powder into the cap of the foundation and then swirl the brush head in that.  Tapping off any excess product. |
| Remember, you get better results with less makeup. | Remember you will get better results with less makeup. |
| Turn on the brush and begin blending makeup into the skin using up and down and side-to-side motions. | Turn on the brush and begin blending makeup into the skin.  Lightly blend makeup in long strokes and sweeping motions of the brush. |
| It's that simple. | It's that simple. |
| You get a flawless air-brush like finish every time by blending smarter, not harder. | sonic**BLEND** uses gentle sonic movements to easily brush on foundation without leaving lines or streaks for natural looking air brush like results every time.  Get a flawless air-brush finishing by blending with sonic technology. |
| Now that is smart, I mean blend**SMART**. | |
| Upgrade to the blend**SMART** rotating makeup brush and enjoy your new spin on beauty. | Upgrade to sonic**BLEND**, first ever sonic microbial makeup brush and enjoy your new take on beauty. |

**ANSWER**: Denied.

32.     As with the introductory product video, Defendants copied not only the video scripts, but also the look and feel of the videos, including video shots, sequencing, product placement, and graphics.

**ANSWER**: Denied.

33.     Defendants' brand video, the powder foundation video, and the liquid foundation videos are published on the Michael Todd Beauty website,[13] YouTube and Vimeo. Two of the videos – the powder foundation video and the liquid foundation video – are now featured on HSN's website.[14] The videos are published on HSN's sonic**BLEND** product pages and may be viewed and accessed by HSN's millions of viewers.   Defendants' videos have also been published and are available for viewing on various third party websites.

**ANSWER**:   At the present time, denied.

34.     Defendant's sonic**BLEND** automated makeup brush system is strikingly and confusingly similar to Worth Beauty's blend**SMART** automated brush system, including the use of mark or logo, placement of mark or logo on the brush handle, dimensions, shape, and the shape and size of interchangeable brush heads:



**ANSWER:**  Denied.

35.    Defendant's sonic**BLEND** packaging is strikingly and confusing similar to  the packaging for the blend**SMART**. For example, Worth Beauty's Doll No. 10 Beauty blend**SMART** Rotating Makeup Brush System Starter Kit, includes a light colored box with additional coloring along edges of the box front, a darker box top, darker box sides, and a white bottom. The front of the Doll No. 10 Beauty blend**SMART** box features a graphic comprised of a small circular arrow with the phrase "360° brush spin" inside. This graphic is intended to emphasize to consumers that the blend**SMART** makeup brush rotates, thus the use of the circular arrow. On the back of the sonic**BLEND** box, Defendants have included a small graphic comprised of a small circular arrow with the phrase "200x Per Second" inside.  The graphics are shown below:

Doll No. 10 Beauty blend**SMART®**                                    <u>sonic**BLEND**</u>

                    

**ANSWER:**  The allegations contained in the first sentence of paragraph 35 are denied. Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of the second, third, fourth and fifth sentences of Paragraph 35 and therefore denies the same and leaves Plaintiff to its proof. Defendants admit that at one time, they had included the arrow displayed above on the SONICBLEND packaging.

36.     The use of the circular arrow was copied from the blend**SMART** box and is intended to lead consumers to believe that the sonic**BLEND** brush rotates like the Doll No. 10 Beauty blend**SMART** brush.

**ANSWER:**  Denied.

37.     The product descriptions on the back of the sonic**BLEND** packaging are also very similar to product descriptions on the Doll No. 10 Beauty blend**SMART** packing:

blend**SMART**                                    sonic**BLEND**

| blend**SMART** | sonic**BLEND** |
|---|---|
| A REVOLUTION IN MAKEUP APPLICATION | Reinvent the Art of Makeup Application |
| Introducing blend**SMART** for Doll 10,the first automatic makeup brush that rotates 360° to apply your makeup evenly for a flawless, natural looking finish. | sonic**BLEND** is the first of its kind makeup brush that applies makeup at sonic speeds up to 200 times per second . . . |

| blend**SMART** | sonic**BLEND** |
|---|---|
| With an ergonomic handle designed for comfort and control, blend**SMART**'s patent pending design delivers 190 revolutions per minute for fast, even coverage. | Intended for comfort and control the ergonomically designed sonic**BLEND** uses gentle sonic movements to . . . |
| Blends Evenly, no lines or streaks (side of box) | sonic**BLEND** uses gentle sonic movements to easily sweep on foundation without leaving lines or streaks. |
| blend**SMART** is not only easier to use with better results than a traditional makeup brush, but more economical too.  Better blending means less makeup. | Creates better coverage too so you use less makeup |

**ANSWER:** Denied.

38.    Defendants' sonic**BLEND** packaging also has a confusing similar look to Worth Beauty's blend**SMART** packaging, including white product box with a colored stripe along the left front side, dark box top, dark box sides, and a white bottom. Worth Beauty's packaging currently features a 360° Spin comprised of a series of circular arrows, the phrase "INTERCHANGEABLE BRUSH HEAD" placed around the outside of the circular arrows and the phrase "360° SPIN" inside the arrow. Defendants' small graphic is confusingly similar to the graphic on the back of the blend**SMART** box:

blend**SMART**®                                                              sonic**BLEND**




**ANSWER:**  Defendants deny the allegations contained in the first and third sentences of paragraph 38. Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of the second sentence of Paragraph 38 and therefore deny the same and leaves Plaintiff to its proof.

39.    The use of the circular arrow was copied from the blend**SMART** box and is intended   to lead consumers to confuse the sonic**BLEND** brush with the blend**SMART** brush. Defendants are deliberately trying to mislead and confuse potential customers and the market regarding the competing brushes, and thereby trade off of and gain an economic advantage from blend**SMART** success and goodwill.

**ANSWER:**  Denied.

40.    Worth Beauty has adopted and continuously used the trademark "A revolution in makeup application™" on the blend**SMART** packaging, advertising, website, and promotional materials. In the blend**SMART** product video, Worth Beauty concluded the video with its trademarked phrase, "blend**SMART** is a revolution in makeup application." Defendants are now routinely using the same phrase to describe their automatic makeup brush in their marketing efforts and across social media. For example, Defendants closed their sonic**BLEND** product video by stating that "sonic**BLEND** is a revolutionary makeup application brush." Defendants posted on Michael Todd Beauty's Facebook page, "Join us today on HSN and jump on the SonicBlend Revolution."

**ANSWER:**  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of the first two sentences in Paragraph 40 and therefore deny the same and leave Plaintiff to its proof.  Defendants admit the last sentence of paragraph 40.  The rest of the allegations contained in paragraph 40 are denied.

22

41.     Defendants' systemic and repeated unauthorized use of Worth Beauty's intellectual property for a directly competing makeup brush, provided to the same class of customers, through similar marketing channels, has caused confusion and is likely to continue to cause confusion in the future. The Defendants' actions tend to cause mistakes, and/or to deceive customers, potential customers, vendors, potential vendors, and/or end users into thinking that Defendants and/or their products are somehow approved, sponsored, licensed by, or affiliated with, Worth Beauty.

**ANSWER**:  Denied.

42.     Worth Beauty's blend**SMART** and Defendants' sonic**BLEND** are marketed and sold to the same prospective customer base and through the same channels of trade, including televised shopping networks, the internet, and brick and mortar stores and boutiques that sell beauty products. Customers, potential customers, vendors, potential vendors, and/or end users are likely to mistake and/or be confused about the source, sponsorship, origin and affiliation of Defendants' sonic**BLEND** makeup brush based on Defendants' use of Worth  Beauty's blend**SMART** intellectual property, including copyright protected videos, trademarks and trade dress.

**ANSWER**:  Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of the first sentence of Paragraph 42 and therefore denies the same and leaves Plaintiff to its proof.  The remaining allegations in paragraph 42 are denied.

43.     Customers and potential customers have noted and reported similarities between Worth Beauty's blend**SMART** and Defendants' sonic**BLEND** products, related videos and packaging and promotional materials, and have been confused as a result of Defendants' use of

Worth Beauty's blend**SMART** intellectual property, including copyright protected videos, trademarks, and trade dress.

> **ANSWER:**   Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 43 and therefore denies the same and leaves Plaintiff to its proof.

44.     Defendants' unauthorized activities undermine Worth Beauty's goodwill that would be otherwise associated with the blend**SMART** product line and negatively impact Worth Beauty's ability to develop and promote the blend**SMART** brand and to have that brand associated exclusively with its own products.

> **ANSWER:** Denied.

45.     Worth Beauty has been damaged by Defendants' violation of Worth Beauty's blend**SMART** intellectual property rights.

> **ANSWER:** Denied.

 46.     Defendants' sonic**BLEND** product name, logo, and trademark for its automated makeup brush are intentionally and confusingly similar to Worth Beauty's blend**SMART** product name, logo, and trademark for its automated makeup brush. Defendants' brand video, powder foundation video, and liquid foundation video are intentionally and confusingly similar, and in many case virtually identical, to the blend**SMART** brand video, powder foundation tutorial, and liquid foundation tutorial published on blend**SMART**  website and YouTube.  Defendants' did not just use Worth Beauty's videos as inspiration for their three product videos. Rather, Defendants copied the scripts for each video and the video production, including the video shots, sequencing, product placement, and graphics. Defendants directly and intentionally copied Worth Beauty's product videos in violation of federal and state law.

Defendants' infringement of Worth Beauty's intellectual property rights is willful and deliberate.

**ANSWER:** Denied.

## IV. CAUSES OF ACTION

### COUNT I. FEDERAL COPYRIGHT INFRINGEMENT

47.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 46 above.

**ANSWER:** Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Complaint, as set forth above.

48.     The actions and conduct of Defendants set forth above violate 18 U.S.C. § 501. Worth Beauty owns copyrights to three works entitled "BLENDSMART2016," "blendSMART Powder Application," and blendSMART Liquid Foundation Application."

**ANSWER:** Defendants deny the allegations contained in the first sentence of paragraph 48. Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations contained in the second sentence of Paragraph 48, and therefore deny the same and leave Plaintiff to its proof.

49.     On August 16, 2016, Worth Beauty filed an application to register its copyright for the introductory product video, "BLENDSMART2016" (Service Request No. 1-391314963), and the application is currently pending. The introductory product video was first published on May 25, 2016.

**ANSWER:** Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 49 and therefore denies the same and leaves Plaintiff to its proof.

50.     On August 29, 2016, Worth Beauty filed an application to register the copyright for the powder foundation tutorial, "BlendSMART Powder Application" (Service Request No. 1-3950265111), and the application is currently pending. The powder foundation tutorial video was first published on March 14, 2016.

**ANSWER:** Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 50 and therefore deny the same and leave Plaintiff to its proof.

51.     On January 11, 2017, Worth Beauty filed an application to register the copyright for the liquid foundation tutorial, "blendSMART Liquid Foundation Application (Service Request No. 1-4332903691), and the application is currently pending. The liquid foundation tutorial video was first published on March 14, 2016.

**ANSWER:** Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of Paragraph 51 and therefore deny the same and leave Plaintiff to its proof.

52.     These copyrighted works were widely disseminated to the public, including publication of the videos on the blendSMART website, and Defendants had open and easy access to each of these works. Defendants copied these works for their own use and financial benefit and gain without obtaining permission or license from Worth Beauty.

**ANSWER:** Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations of the first sentence of Paragraph 52 and therefore deny the same and leave Plaintiff to its proof.  The second sentence of paragraph 52 is denied.

53.     Defendants' acts of infringement have caused, and will continue to cause, damage to Worth Beauty, and are causing irreparable harm to Worth Beauty.

**ANSWER:**  Denied.

54.    Defendants engaged in willful acts that infringed the copyrights. Defendants knew that those acts infringed the copyrights.

**ANSWER:**  Denied.

## COUNT II.  FEDERAL TRADE DRESS INFRINGEMENT

55.    Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 54 above.

**ANSWER:**  Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Complaint, as set forth above.

56.    Defendants conduct and actions set forth above constitute infringement of Worth Beauty's trade dress, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have intentionally engaged in conduct that constitutes false advertising, false designation of origin, false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Worth Beauty's automated makeup brush and Defendants' automated makeup brush, and an infringement of Worth Beauty's trade dress rights.

**ANSWER:**  Denied.

57.    Defendants' use of Worth Beauty's trade dress has caused and is likely to cause confusion, mistake, or deception in that purchasers and others are likely to assume that Defendants' automated makeup brushes  marketed under Worth Beauty's blend**SMART** trade dress are Worth Beauty's automated makeup brushes, or are sponsored by, or connected or affiliated with Worth Beauty or its blend**SMART** makeup applicators.

**ANSWER:**  Denied.

58.     Defendants' conduct and actions have caused or are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER**:  Denied.

59.     As a result of such infringement, Worth Beauty has suffered damages and sustained injury to its goodwill and business reputation symbolized by the blend**SMART** intellectual property, including the blend**SMART** trade dress.

**ANSWER**:  Denied.

60.     Further, as a result of such infringement, Defendants have made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading the intellectual property associated with the blend**SMART** intellectual property, including the blend**SMART** trade dress.

**ANSWER**:  Denied.

### COUNT III.  FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

61.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 60 above.

**ANSWER**:  Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Complaint, as set forth above.

62.     Defendants conduct and actions set forth above constitute unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have intentionally engaged in conduct that constitutes false advertising, false designation of origin, false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Worth Beauty's automated makeup brush and Defendant's automated makeup brush, and an infringement of Worth Beauty's trade dress rights.

**ANSWER**:  Denied.

63.     Defendants' use of Worth Beauty's intellectual property has caused and is likely to cause confusion, mistake, or deception in that purchasers and others are likely to assume that Defendants' automated makeup brushes marketed under Worth Beauty's blend**SMART** trade dress are Worth Beauty's automated makeup brushes, or are sponsored by, or connected or affiliated with Worth Beauty or its blend**SMART** makeup applicators.

**ANSWER**:  Denied.

64.     Defendants' conduct and actions have caused or are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER**:  Denied.

65.     As a result of such infringement, Worth Beauty has suffered damages and sustained injury to its goodwill and business reputation symbolized by the blend**SMART** intellectual property, including the blend**SMART** trade dress.

**ANSWER**:  Denied.

66.     Further, as a result of such infringement, Defendants have made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading the intellectual property associated with the blend**SMART** intellectual property, including the blend**SMART** trade dress.

**ANSWER**:  Denied.

### COUNT IV.  COMMON LAW TRADE DRESS INFRINGEMENT

67.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 66 above.

**ANSWER**:  Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Complaint, as set forth above.

29

68.    Defendants' conduct and actions set forth above constitute trade dress infringement in violation of the common law of Texas.

**ANSWER:**  Denied.

69.    As a result of such infringement, Worth Beauty has suffered damages and sustained injury to its goodwill and business reputation symbolized by the blend**SMART** intellectual property, including the blend**SMART** trade dress.

**ANSWER:**  Denied.

70.    Further, as a result of such infringement, Defendants have made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading the intellectual property associated with the blend**SMART** intellectual property, including the blend**SMART** trade dress.

**ANSWER:**  Denied.

### COUNT V.  FEDERAL TRADEMARK INFRINGEMENT

71.    Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 70 above.

**ANSWER:**  Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Complaint, as set forth above.

72.    Defendants' actions and conduct set forth above violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Defendants' marketing, promotion, distribution, offering for sale and sale of the sonic**BLEND** trademark is likely to cause confusion, mistake, or deception as to the course, affiliation, sponsorship, or authenticity of Defendants' goods. Defendants have also marketed, promoted, distributed, offered for sale, and sold their sonic**BLEND** brush using Worth Beauty's other trademarks, including "A Revolution in Makeup Application." As a result of Defendants' unauthorized use of trademarks that are confusingly similar to Worth Beauty's

registered mark, the public is likely to believe that Defendants' products have been manufactured, approved by, or are affiliated with Worth Beauty and blend**SMART**.

**ANSWER:** Denied.

73.     Defendants' unauthorized use of confusingly similar trademarks falsely represents Defendants' products as emanating from or being authorized by Worth Beauty. Defendants' unauthorized activities undermine Worth Beauty's goodwill that would be otherwise associated with the blend**SMART** product line and negatively impact Worth Beauty's ability to develop and promote the blend**SMART** brand and to have that brand associated exclusively with its own products.

**ANSWER:** Denied.

74.     As a result of such infringement, Worth Beauty has suffered, and will continue to suffer, substantial damages. Further, as a result of such infringement, Defendants have made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products. Worth Beauty is entitled to recover damages, including any and all profits Defendants have made as a result of their wrongful conduct.

**ANSWER:** Denied.

75.     In addition, because Defendants' infringement is willful, the award of damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

**ANSWER:** Denied.

76.     Worth Beauty is entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

**ANSWER:** Denied.

### COUNT VI.  COMMON LAW TRADEMARK INFRINGEMENT

77.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 76 above.

   **ANSWER:**  Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Complaint, as set forth above.

78.     Defendants' actions and conduct set forth above constitute trademark infringement in violation of federal and Texas common law. Defendants' marketing, promotion, distribution, offering for sale and sale of the sonic**BLEND** trademark is likely to cause confusion, mistake, or deception as to the course, affiliation, sponsorship, or authenticity of Defendants' goods. Defendants have also marketed, promoted, distributed, offered for sale, and sold their sonic**BLEND** brush using Worth Beauty's other trademarks, including "A Revolution in Makeup Application." As a result of Defendants' unauthorized use of trademarks that are confusingly similar to Worth Beauty's registered mark, the public is likely to believe that Defendants' products have been manufactured, approved by, or are affiliated with Worth Beauty and blend**SMART**.

   **ANSWER:**  Denied.

79.     Defendants' unauthorized use of a confusingly similar trademark falsely represents Defendants' products as emanating from or being authorized by Worth Beauty. Defendants' unauthorized activities undermine Worth Beauty's goodwill that would be otherwise associated with the blend**SMART** product line and negatively impact Worth Beauty's ability to develop and promote the blend**SMART** brand and to have that brand associated exclusively with its own products.

   **ANSWER:**  Denied.

80.     As a result of such infringement, Worth Beauty has suffered, and will continue to suffer, substantial damages. Further, as a result of such infringement, Defendants have made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products. Worth Beauty is entitled to recover damages, including any and all profits Defendants have made as a result of their wrongful conduct.

**ANSWER:**  Denied.

### COUNT VII.  COMMON LAW UNFAIR COMPETITION

81.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 80 above.

**ANSWER:**  Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Complaint, as set forth above.

82.     Defendants' conduct and actions set forth above constitute unfair competition in violation of the common law of Texas.

**ANSWER:**  Denied.

83.     As a result of such unfair competition, Worth Beauty has suffered damages and sustained injury to its goodwill and business reputation symbolized by the blendSMART intellectual property, including the blendSMART trade dress.

**ANSWER:**  Denied.

84.     Defendants' unauthorized use of confusingly similar trademarks, marks, logos, videos, marketing, packaging, and trade dress falsely represents Defendants' products as emanating from or being authorized by Worth Beauty. Defendants' unauthorized activities undermine Worth Beauty's goodwill that would be otherwise associated with the blendSMART product line and negatively impact Worth Beauty's ability to develop and promote the blendSMART brand and to have that brand associated exclusively with its own products.

**ANSWER:** Denied.

85.     Further, as a result of such unfair competition, Defendants has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the intellectual property associated with the blend**SMART** intellectual property, including the blend**SMART** trade dress.

**ANSWER:** Denied.

86.     In addition, Worth Beauty will be irreparably harmed and damaged by the continuation of such unfair competition.

**ANSWER:** Denied.

### COUNT VIII.  UNJUST ENRICHMENT

87.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 86 above.

**ANSWER:** Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Complaint, as set forth above.

88.     Defendants have made unjust profits from the sale of its good by trading on the trading on the intellectual property associated with the blend**SMART** intellectual property, including the blend**SMART** trade dress and the copyright protected blend**SMART** videos.

**ANSWER:** Denied.

89.     Defendants conduct and actions set forth above constitute unjust enrichment under the common law of Texas.

**ANSWER:** Denied.

90.     Worth Beauty is entitled to disgorgement of the unjust profits made by Defendants.

**ANSWER:** Denied.

### COUNT IX.  ADVERTISING INJURY THROUGH
### MISAPPROPRIATION OF ADVERTISING IDEAS

91.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 90 above.

**ANSWER:**  Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Complaint, as set forth above.

92.     Defendants have advertised their sonic**BLEND** automatic makeup brush in the same manner as Worth Beauty, misappropriating the advertising ideas of Worth Beauty.

**ANSWER:**  Objected to as vague.  To the extent understood, denied.

93.     Defendants have used Worth Beauty's trademarks, trade dress, marks, logos, catch phrases, and three product and tutorial videos to market and promote a product Defendants distribute and sell to compete with Worth Beauty's blend**SMART** brush. The scripts, shot types, sequencing, product shots, on-graphics, look, and feel of the three videos published by Defendants and used to market, promote, and sell its competing product were copied directly from Worth Beauty's three promotional and tutorial videos.

**ANSWER:**  Denied.

## V.  Jury Trial

94.     Pursuant to Fed. R. Civ. P. 38 and 39, Worth Beauty hereby demands a trial by jury.

**ANSWER:**  Defendants admit that Plaintiff requests a trial by jury.

## VI.  Prayer

WHEREFORE, Plaintiff Worth Beauty LLC prays that the Court grant the following relief against Defendants Michael Todd Beauty LP and MTTO LLC:

A.     Judgment in favor of Plaintiff Worth Beauty LLC and against Defendants Michael Todd
       Beauty LP and MTTO LLC;

B.     Maximum statutory damages in the amount of $150,000 per work infringed under 17
       U.S.C. § 504(c), or alternatively, Worth Beauty LLC's actual damages and the profits of
       Defendants that are attributable to the violations alleged herein pursuant to 17 U.S.C. §
       504(b);

C.     All damages sustained by Worth Beauty LLC in an amount to be determined at trial
       based on Defendants' infringement of Worth Beauty LLC's trademark, infringement of
       Worth Beauty's distinctive trade dress in overall appearance of its automated makeup
       brush and associated packaging and marketing, false designation of origins, descriptions,
       and representation of their automated makeup brush, and acts of unfair competition
       against Worth Beauty LLC;

D.     Damages awarded under 15 U.S.C. § 1117(a) in the amount of total profits received by
       Defendants from, and any damages sustained by Worth Beauty LLC as a result of,
       Defendants' sales of products infringing Worth Beauty LLC's trademarks or trade dress,
       in an amount to be determined at trial;

E.     Enhanced damages awarded under 15 U.S.C. § 1117(a) up to three times the amount
       found as actual damages for Defendants' trademark and trade dress infringement and
       false designations of origins, descriptions, and representations in an amount to be
       determined at trial;

F.     Damages in the amount of total profits received by Defendants from, and any damages
       sustained by Worth Beauty LLC as a result of, Defendants common law trade dress

infringement, common law trademark infringement, unfair competition, and unjust enrichment in an amount to be determined at trial;

G.      Attorneys' fees and costs under 17 U.S.C. §§ 505 and 117(a);

H.      Award of Interest and costs; and

I.      Such other and further relief as is just and proper.

**ANSWER:**   Defendants deny that Plaintiff is entitled to any relief whatsoever from or against Defendants, and Defendants specifically deny all of the allegations and prayers for relief contained in Section VII, sub-parts A through I of the Original Complaint.

## B.      AFFIRMATIVE DEFENSES

Subject to the responses above,  Defendants allege the following affirmative defenses to the Original Complaint:

1.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

2.      Plaintiff's alleged mark, BLENDSMART, the subject of U.S. Reg. No. 4,842,589, is merely descriptive and lacks acquired distinctiveness; accordingly, Plaintiff possesses no valid trademark rights in such term.

3.      Plaintiff's Count IX for advertising injury through misappropriation of advertising ideas fails to state a claim upon which relief can be granted.

4.      Plaintiff does not have any trade dress capable of being infringed.  Rather, Plaintiff is mixing and matching elements from different products in an attempt to conflate the two different designs into one.

5.      In addition to the defenses set forth above, Defendants expressly reserve the right to allege additional defenses as they become known through the course of discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Michael Todd Beauty LP and MTTO LLC, respectfully request that this Court:

a)      Dismiss all claims asserted against them with prejudice;

b)      Award Defendants their attorneys' fees, costs, and disbursements pursuant to 15 U.S.C. § 1117; and

c)      Grant such further relief, in law and in equity, as this Court deems just and appropriate.

## ORIGINAL COUNTERCLAIM

1.      Pleading further, if further pleading is necessary, and without waiving the foregoing, Michael Todd Beauty LP as Counter-Plaintiff, asserts the following counterclaims ("Original Counterclaim") against Counter-Defendant Worth Beauty LLC pursuant to FEDERAL RULE OF CIVIL PROCEDURE 13.

## PARTIES

2.      Defendant and Counter-Plaintiff Michael Todd Beauty LP is a Delaware limited partnership with its principal place of business in Port St. Lucie, Florida.

3.      Plaintiff and Counter-Defendant Worth Beauty LLC is a Virginia limited liability company with its principal place of business in Houston, Texas.

## JURISDICTION AND VENUE

4.      Subject to the affirmative defenses and denials set forth above, this Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 15 U.S.C. §§ 1119, 1121 and 1125.

5.      This Court has personal jurisdiction over the Plaintiff by virtue of Plaintiff's filing of its Original Complaint.

6.      Venue for the purposes of the Original Counterclaim is proper under 28 U.S.C. §§ 1391.

## FIRST COUNTERCLAIM:
## UNFAIR COMPETITION IN THE NATURE OF FALSE ADVERTISING

7.      Counter-Plaintiff believes that it is being and will continue to be damaged by the false and misleading advertisements Counter-Defendant, which state and otherwise falsely imply that Counter-Defendant's BLENDSMART brush is sonic. Therefore, Counter-Plaintiff asserts this counterclaim against Counter-Defendant for unfair competition in the nature of false advertising in violation of the Lanham Act, 15 U.S.C. §1125(a).

8.      Upon information and belief, sonic speeds are in the range of 20-20,000 cycles per second but the head of the BLENDSMART brush spins at only three (3) cycles per second. Given that the BLENDSMART brush spins at well below 20 cycles per second, the BLENDSMART brush is not sonic.

9.      In various advertisements, including on its Facebook and Instagram accounts, Counter-Defendant either directly has claimed that the BLENDSMART brush is sonic, or has compared the BLENDSMART to actual sonic products such as a sonic toothbrush or the Clarisonic cleansing brush product to create the false impression that the BLENDSMART brush is a sonic product when it is not, and these claims and the comparison are false and misleading. Representative examples of such claims are attached hereto as EXHIBIT A.

10.     Counter-Defendant's BLENDSMART brush is sold in interstate commerce and its false and misleading claims have been made in such commerce.

11.     Counter-Plaintiff sells a sonic makeup brush in interstate commerce under the mark SONICBLEND, which is a sonic product.  Counter-Plaintiff accordingly has standing to object to the false and misleading claims of Counter-Defendant with respect to the "sonic"

feature and the technology used in its brush. Such claims are likely to deceive and directly and adversely affect the sales of Counter-Plaintiff's SONICBLEND brush. Counter-Plaintiff has therefore been injured as a result of the false representations, direct and implied, that the BLENDSMART brush is sonic. Counter-Defendant is liable for unfair competition in the nature of false advertising in violation of the Lanham Act, 15 U.S.C. §1125(a).

**SECOND COUNTERCLAIM:**
**CANCELLATION OF WORTH BEAUTY LLC'S REGISTRATION REG. NO.  4,842,589**

12.     Counter-Plaintiff believes that it is being and will continue to be damaged by registration of the mark BLENDSMART, the subject of U.S. Registration No. 4,842,589 owned by Counter-Defendant, and hereby petitions to cancel the same pursuant to 15 U.S.C. §1064 of the Lanham Act on the grounds that the subject of such registration is descriptive and lacks acquired distinctiveness.

13.     Counter-Plaintiff is and has been using the mark SONICBLEND in connection with sonic powered makeup brushes in the United States.

14.     Counter-Defendant is the owner of record of U.S. Trademark Registration No. 4,842,589 (the "589 Registration") issued October 27, 2015 on the Principal Register for "cosmetic applicators, namely cosmetic brushes" in International Class 21.

15.     Counter-Defendant has filed its complaint against Counter-Plaintiff and MTTO LLC alleging, *inter alia,* federal trademark infringement and specifically asserting infringement by Counter-Plaintiff and MTTO LLC of the mark of the '589 Registration.

16.     Counter-Plaintiff hereby seeks cancellation of the '589 Registration on the ground that Counter-Defendant's alleged BLENDSMART mark is merely descriptive of the goods sold under such asserted BLENDSMART mark and has not acquired distinctiveness.

17.     The alleged BLENDSMART mark, while unitary, consists of two words: "blend" and "smart". The word "blend" describes what the brush does to makeup on a person's skin when the BLENDSMART brush is used and the word "smart" describes that this method of applying makeup is a smart way to apply and blend the makeup, as well as describing the electronic nature of the brush.

18.     Counter-Defendant's alleged mark, BLENDSMART, is merely descriptive and lacks acquired distinctiveness, and the registration therefore is subject to cancellation on such ground.

19.     Counter-Plaintiff is and will continue to be damaged by the registration of the mark shown in the '589 Registration, as it has been asserted against Counter-Plaintiff in Counter-Defendant's complaint.

### PRAYER FOR RELIEF

**WHEREFORE,** Counter-Plaintiff Michael Todd Beauty LP respectfully requests that this Court:

a)     Enter judgment in its favor and against Counter-Defendant Worth Beauty LLC;

b)     Direct the Commissioner of Trademarks to cancel Counter-Defendant's U.S. Trademark Registration No. 4,842,589 pursuant to 15 U.S.C. § 1119; and

c)     For such other and further relief in favor of Counter-Plaintiff Michael Todd Beauty LP, in law and in equity, as the Court should deem just and equitable.

### THIRD-PARTY COMPLAINT

20.     Pleading further, Third-Party Plaintiff Michael Todd Beauty LP believes that it is being and will continue to be damaged by the false and misleading advertisements of Third-Party Defendant Doll 10 Beauty Inc., which state that Third-Party Defendant's DOLL NO. 10 BLENDSMART brush is sonic. Third-Party Plaintiff therefore asserts this Third-Party claim

against Doll 10 Beauty Inc. for unfair competition in the nature of false advertising in violation of the Lanham Act, 15 U.S.C. §1125(a) and Texas common law.

**PARTIES**

21.     Third-Party Plaintiff Michael Todd Beauty LP has appeared.

22.     Upon information and belief, Third-Party Defendant Doll 10 Beauty Inc. ("Doll 10" or "Third-Party Defendant") is a corporation with its principal place of business at 301 Oxford Valley Road, Suite 305B, Yardley, PA 19067.  Doll 10 Beauty Inc. may be served with process through Ms. Doris Dalton at 301 Oxford Valley Road, Suite 305B, Yardley, PA 19067, or wherever else she may be found.

**JURISDICTION AND VENUE**

23.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and § 1125 and has jurisdiction over the Third-Party Defendant pursuant to Fed. R. Civ. P. 14, and 28 U.S.C. § 1367, §1331 and §1338.  Third-Party Defendant directly and through authorized third parties, has shipped, distributed, offered for sale and sold its products in the state of Texas, and the Southern District of Texas, including but not limited to shipping, distributing, and selling its Doll No. 10 BLENDSMART brush.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**FIRST CAUSE OF ACTION:**
**FEDERAL UNFAIR COMPETITION IN THE NATURE OF FALSE ADVERTISING**

25.     Upon information and belief, sonic speeds are in the range of 20-20,000 cycles per second. The head of the Doll No. 10 BLENDSMART brush spins three (3) cycles per second. Give that the BLENDSMART brush spins at well below 20 cycles per second, the Doll No 10 BLENDSMART brush is not sonic.

26.      In various advertisements, Third- Party Defendant either directly has claimed that the Doll No. 10 BLENDSMART brush utilizes sonic technology (which it does not), or has compared the Doll No. 10 BLENDSMART to actual sonic products such as a sonic toothbrush or the Clarisonic cleansing brush product to create the false impression that the Doll No. 10 BLENDSMART brush is a sonic product.  Representative sample is demonstrated through the video that can be accessed through the following link "https://www.youtube.com/watch?v=E4vGxV4Ph-4" referenced hereto as EXHIBIT B.

27.      In addition to its claims in print advertisements, Third-Party Defendant's founder Doris Dalton made numerous false and misleading statements while appearing on QVC and advertising the product that the Doll No. 10 BLENDSMART brush is sonic.  These erroneous claims and statements have the capacity to deceive and are likely to deceive a substantial segment of potential customers into believing that the Doll No. 10 BLENDSMART brush is sonic.

28.      While appearing on QVC, Third-Party Defendant's founder Doris Dalton stated that "…what I love about this [Doll No. 10 BLENDSMART] brush is, there has been no true real innovation in the field of makeup application, until now.  Think about how you brush your teeth. You do it sonically, and the reason we do it sonically is because it is better."  By linking the Doll No. 10 BLENDSMART brush to sonic products and then stating that sonic technology is "better," Third-Party Defendant has made a misleading claim, misrepresenting the nature and characteristics of its product, such claim is deceptive and material, and is as likely to influence a consumer's purchasing decision.

29.      Third-Party Defendant's Doll No. 10 BLENDSMART brush is sold in interstate commerce and its false and misleading claims have been made in such commerce.

30.     Third-Party Plaintiff sells an electronic makeup brush under the mark SONICBLEND, which is a sonic product.  Third-Party Plaintiff accordingly has standing to object to the false and misleading claims of Third-Party Defendant with respect to the alleged "sonic" feature and the technology used in Third-Party Defendant's BLENDSMART brush. Such claims are likely to deceive and directly and adversely affect the sales of Third-Party Plaintiff's SONICBLEND brush. Third-Party Plaintiff has therefore been injured as a result of the false representations, direct and implied, that the BLENDSMART brush is sonic.

31.     Through such intentional false and misleading representations, Third-Party Defendant has obtained the benefit of additional sales and profits and has therefore been unjustly enriched.

32.     Therefore, Third-Party Defendant is liable for unfair competition in the nature of false advertising in violation of the Lanham Act, 15 U.S.C. §1125(a).

## SECOND CAUSE OF ACTION:
## COMMON LAW UNFAIR COMPETITION IN
## THE NATURE OF FALSE ADVERTISING

33.     Third-Party Plaintiff refers to and incorporates herein the allegations of Paragraphs 1 through 13 contained in its Third Party Complaint.

34.     Third-Party Defendant's actions set forth above constitute unfair competition in the nature of false advertising in violation of Texas common law.

35.     Due to Third-Party Defendant's false and misleading statements about the alleged sonic nature of its BLENDSMART brush, Third-Party Plaintiff has suffered or is likely to suffer damages and sustain injury to its goodwill and business reputation.

36.     In addition, through such intentionally false and misleading representations, Third-Party Defendant has obtained the benefit of additional sales and profits and has therefore been unjustly enriched.

37.      As such, Third-Party Defendant is liable for common law unfair competition in the nature of false advertising.

## JURY TRIAL

38.      Pursuant to Fed. R. Civ. P. 38 and 39, Third-Party Plaintiff Michael Todd Beauty LP hereby demands a trial by jury on its counterclaims and third-party claims, which are triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff Michael Todd Beauty LP respectfully requests that this Court:

a)      Enter judgment in its favor and against Third-Party Defendant Doll 10 Beauty Inc.;

b)      Issue an injunction precluding Third-Party Defendant from stating or implying that the Doll 10 BLENDSMART brush is a sonic product;

c)      Enter an award of attorney's fees and costs pursuant to 15 U.S.C. § 1117;

d)      Enter an award of lost profits based on Third-Party Defendant's unjust enrichment; and

e)      Award such other and further relief in favor of Third-Party Plaintiff Michael Todd Beauty LP, in law and in equity, as the Court should deem just and equitable.

Respectfully submitted,

By: _/s/ Robert P. Latham_____
      Robert P. Latham
      ATTORNEY-IN-CHARGE
      State Bar No. 11975500
      S.D. ID. No. 13142
      Email: blatham@jw.com

JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone:  (214) 953-6095
Facsimile:  (214) 661-6663

-and-

Jamila M. Brinson
State Bar No. 24074867
S.D. ID.: 1127492
Email: jbrinson@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:  (713) 752-3246
Facsimile: (713) 308-4112

ATTORNEYS FOR DEFENDANT/COUNTER-
PLAINTIFF & THIRD-PARTY PLAINTIFF
MICHAEL TODD BEAUTY LP AND
DEFENDANT MTTO LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2017, I electronically filed the foregoing document by the Court's ECF which will provide electronic notice to all counsel of record.

/s/ *Jamila M. Brinson*
Jamila M. Brinson